SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
MORGAN P. FORSEY, Cal. Bar No. 241207
BRETT D. YOUNG, Cal. Bar No. 305657
BRIANNA S. WILSON, Cal. Bar No. 316730
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398
E mail      tkennedy@sheppardmullin.com
            mforsey@sheppardmullin.com
            byoung@sheppardmullin.com
            bswilson@sheppardmullin.com

Attorneys for Defendant Starbucks Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA HUSTON, an individual;<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION, a Washington Corporation, and Does 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>[*Filed concurrently with Notice of Interested Parties and Corporate Disclosure Statement; and the Declarations of Sandi Loftus and Tracey A. Kennedy*]<br><br>[State Court Complaint Filed: April 7, 2023–Solano County, Case No. CU23-00688] |

-1-

SMRH:4868-3947-3249.2    DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL:

**PLEASE TAKE NOTICE** that Defendant Starbucks Corporation ("Starbucks") hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Solano, to the United States District Court for the Eastern District of California. This Court has diversity jurisdiction over Plaintiff Alexandra Huston's ("Plaintiff") lawsuit pursuant to 28 U.S.C. § 1332 because there is complete diversity between Starbucks and Plaintiff.

The following is a plain statement of the grounds for removal and listing of the pleadings to date:

**VENUE**

1.  Venue lies in the Eastern District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c)(1). This action originally was brought within a county encompassed by the Eastern District of California—the Superior Court of the State of California, County of Solano.

**THE PLEADINGS**

2.  **The Complaint**: On April 7, 2023, Plaintiff filed a Complaint against Starbucks in the Superior Court of the State of California, Solano County, Case No. CU23-00688 (the "Complaint"). In the Complaint, Plaintiff alleges the following claims for relief: (1) discrimination on the basis of pregnancy, childbirth, or related medical condition, (2) gender discrimination, (3) retaliation in violation of FEHA, (4) violation of California Family Rights Act, (5) wrongful discharge in violation of public policy, (6) failure to prevent harassment, discrimination, and retaliation, (7) failure to engage in the interactive process, (8) intentional infliction of emotional distress, and (13) unfair business Practices in Violation of California Business & Professions Code §17200. A true and correct copy of the Complaint is attached hereto as **Exhibit A**. A true and correct copy of the Summons is attached hereto as **Exhibit B**. A true and correct copy of the Civil Case Cover Sheet is attached hereto as **Exhibit**

C. A true and correct copy of the Notice of Case Management Conference is attached hereto as **Exhibit D**.

3. **Proof of Service of Complaint:** On April 14, 2023, Plaintiff served her Complaint on Starbucks and on April 19, 2023, Plaintiff filed a Proof of Service of Summons.

4. **The Response:** On May 5, 2023, Starbucks filed its Answer to Plaintiff's unverified Complaint in the Superior Court. A true and correct copy of the Answer is attached hereto as **Exhibit E**.

**TIMELINESS OF REMOVAL**

5. Plaintiff served her Unverified Complaint on Starbucks on April 14, 2023.

6. Pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure 6 and 81(c), Starbucks has filed this Notice of Removal within the time permitted for removal of complaints. Starbucks deadline to respond to the Complaint is May 14, 2023.

**DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

7. **Plaintiff's Citizenship:** Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California. Throughout the duration of her employment with Starbucks, and as of the filing of her lawsuit, Plaintiff resides in California. (Loftus Decl., ¶ 4.) To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Because Plaintiff resided in California when commencing this lawsuit, she is a citizen of California for purposes of removal.

8. **Starbucks Citizenship:** Starbucks is not a citizen of California. Starbucks is a citizen of Washington. A corporation is a citizen of the state in which

it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). The relevant considerations under the "nerve center" test include the following: (a) where the directors and stockholders meet; (b) where the executives live and have their offices; (c) where the administrative and financial offices are located and the records kept; (d) where the corporate income tax return is filed; (e) where the "home office" is located; and (f) where day-to-day control of the business is exercised. *Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964).

Here, Starbucks is not a citizen of California. It is a corporation organized and incorporated under the laws of the State of Washington. (Loftus Decl., ¶ 2.) Its principal place of business is located in Seattle, Washington. (*Id*. at ¶ 3.) Its corporate headquarters, located at 2401 Utah Avenue S., Seattle, Washington 98134, is the actual center of direction, control and coordination of company-wide policies and procedures, legal affairs, and general business operations. (Loftus Decl., ¶¶ 2-3.) The respective officers for these departments work in Seattle, Washington and are responsible for developing policies and protocols for Starbucks operations. (*Id*.) As such, Starbucks corporate headquarters and nerve center were, at the time of filing of the state court action, and remain to date, located in Seattle, Washington. In sum, Starbucks is not a citizen of California.

9. **Doe Defendants:** Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe Defendants 1 through 10, inclusive, does not deprive this Court of jurisdiction.

**AMOUNT IN CONTROVERSY EXCEEDS $75,000**

10. This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and accordingly, this Court has original jurisdiction under 28 U.S.C. §§ 1332(a).

11. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Starbucks is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Starbucks can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198. In other words, the District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *Id.* In addition to the contents of the removal petition, the Court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Singer*, 116 F.3d at 377.

12. **Alleged Lost Past And Future Earnings:** Plaintiff's employment with Starbucks ended in November 2022. (Loftus Decl.*,* ¶ 4.) According to the Complaint and assuming the truth of her allegation, Plaintiff was making $20.69/hour as a Shift Supervisor in 2022. *See* Ex. A at para. 8. On an annualized basis, Plaintiff was making $43,035 per year, assuming no overtime. Plaintiff makes no allegation in her Complaint that she has found other work, let alone work that provides the same number of work hours or pays the same wages as she earned at Starbucks. Thus, assuming the trial takes place 2 years from the filing of the complaint (April 7, 2025), a reasonable estimate of Plaintiff's post termination lost earnings is at least **$86,070** before any calculation of loss of benefits. This amount of potential compensatory

damages is solely based on lost wages and does not include lost employment benefits, interest, potential future wages, and the other potential damages Plaintiff seeks.

13. **Emotional Distress Damages:** In addition, the emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Further, a defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Juries in California have awarded well in excess of $75,000 for emotional distress damages in a discrimination and retaliation case like this one. For example, in *Steven Wiley, et al. v. Trendwest Resorts, Inc.* et al Contra Costa County Superior Court Case No. MSC05-01991 (October 18, 2010), the court awarded the plaintiff $75,000 for emotional distress damages where the plaintiff alleged that as a result of her disability, she was demoted and then replaced. Therefore, Plaintiff will most likely seek in excess of $75,000 for emotional distress damages. Accordingly, the amount in controversy here clearly exceeds $75,000, despite the fact that Starbucks denies Plaintiff is entitled to any damages whatsoever.

14. **Punitive Damages:** The Complaint also alleges that Plaintiff is entitled to recover punitive damages. (*See* Complaint, ¶¶ 35, 48, 68, 75, 87, 93, and Prayer, ¶ 5 (Exh. A).) Punitive damages should be considered when determining the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases.").

15. **Attorneys' Fees:** The Complaint also alleges that Plaintiff is entitled to recover attorneys' fees. (*See* Complaint, Prayer ¶ 8 (Exh. A).) Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is

discretionary or mandatory). The undersigned counsel has defended numerous claims for alleged discrimination, retaliation, and wrongful termination against corporate employers. The undersigned counsel has tried more than 40 (bench and jury trials) employment-related actions (single and multiple plaintiff, and class actions) in state and federal court in California, and is familiar with damages claims made by plaintiffs and awarded by juries in California, as well as claims and awards for attorneys' fees. (Kennedy Decl., ¶¶ 2-3.)  Based on that experience, discovery and settlement discussions consistently reveal that a typical plaintiff in such an action regularly seeks more than $75,000, particularly when attorneys' fees are taken into account. (Kennedy Decl., ¶ 3.)

16.  Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and prayer for relief, which includes her claim for economic and non-economic damages, as well as attorney's fees and costs and punitive damages, significantly exceeds $75,000.

**NOTICE TO PLAINTIFF AND THE STATE COURT**

17.  Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of the removal will be served upon Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Solano, as required by 28 U.S.C. § 1446(d).

Dated: May 11, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Brianna S. Wilson*
TRACEY A. KENNEDY
MORGAN P. FORSEY
BRETT D. YOUNG
BRIANNA S. WILSON

Attorneys for Defendant Starbucks Corporation